**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert H.,**
**Petitioner Below, Petitioner**

**v.)  No. 22-568** (Gilmer County 18-C-12)

**Russell Maston, Superintendent,**
**Saint Marys Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner Robert H. appeals the Circuit Court of Gilmer County's June 7, 2022, order denying his petition for a writ of habeas corpus.[1] On appeal, the petitioner presents one assignment of error, arguing that the circuit court erred when it denied his claim of ineffective assistance of counsel. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In 2012, the petitioner was charged in a sixty-three-count indictment for second-degree sexual assault; first-degree sexual abuse; sexual abuse by a parent, guardian, custodian, or person in position of trust; providing alcohol to a minor; and harassing phone calls. After a jury trial, the petitioner was convicted as charged. In *State v. Robert H.*, No. 14-0889, 2016 WL 6651578 (W. Va. Nov. 10, 2016), this Court vacated ten of the petitioner's convictions, affirmed the remaining fifty-three convictions, and remanded his case to the circuit court for resentencing.

In 2018, the petitioner filed a petition for habeas corpus relief, and in 2020, counsel for the petitioner filed another habeas petition. The circuit court consolidated these petitions and conducted an omnibus hearing in which the petitioner was the sole witness. The petitioner alleged many claims that were either withdrawn or denied by the court after the hearing, but the only claim relevant to this appeal is his allegation that his trial attorneys provided ineffective assistance. Specifically, the petitioner alleged his trial attorneys were ineffective because they failed to call

---

[1] The petitioner appears by counsel Kevin Hughart. The respondent appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Since the filing of this case, the Superintendent of Saint Marys Correctional Center has changed, and the Superintendent is now Russell Maston. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41 of the West Virginia Rules of Appellate Procedure.

witnesses on the petitioner's behalf. At the omnibus hearing, the petitioner elaborated that his attorneys ignored his request to call the victim's friend, T.A., as a witness. The petitioner stated that the victim and T.A. "got in a fight at the high school," and during the fight, the victim said it was "her fault . . . that her father was in jail." The court denied the petitioner's complaint about his attorneys' failure to call witnesses and attributed this decision to "an objectively reasonable form of trial strategy." Despite the petitioner's testimony about T.A., the court further found that the petitioner did not "name any of the witnesses he sought to be called at trial," which the court determined was "critically damning to this argument." The petitioner appeals from this ruling.

When this Court reviews a circuit court's final order in a habeas action, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). To establish a claim of ineffective assistance of counsel, the petitioner must prove: "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "[T]he test for prejudice . . . is whether the result of the proceedings was fundamentally unfair or unreliable." *Daniel v. Legursky*, 195 W. Va. 314, 324, 465 S.E.2d 416, 426 (1995) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). And "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *Legursky*, 195 W. Va. at 321, 465 S.E.2d at 423).

The petitioner argues that he was denied effective assistance because his trial attorneys did not call T.A. to testify, and that the court erred in its finding that the petitioner did not "name any of the witnesses he sought to be called at trial."[2] At the omnibus hearing, the petitioner did testify that T.A. "would've been willing" to testify at his trial, but he has not demonstrated that T.A.'s testimony would have changed the outcome of his trial. Although the petitioner claims T.A.'s testimony "could have exonerated him," he did not explain the basis of this belief. As the State points out, even if T.A. had testified that the victim blamed her for the petitioner's incarceration, this is not inconsistent with the evidence admitted in support of the petitioner's guilt. The petitioner's failure to prove that he was prejudiced by the omission of T.A.'s testimony at trial is "fatal" to his claim of ineffective assistance. *Id.* Thus, the circuit court did not err when it denied the petitioner's habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 31, 2024

---

[2] This petitioner only identified T.A. as a potential trial witness. He did not argue that his trial attorneys failed to call any other witnesses.

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn